UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER RUDOLPH,<br>Petitioner, | : | |
| v. | : | No. 2:15-cv-01293 |
| NANCY GIROUX and THE<br>PENNSYLVANIA ATTORNEY GENERAL,<br>Respondents. | : | |

**O P I N I O N**
**Report and Recommendation, ECF No. 16 – Adopted in Part**

**Joseph F. Leeson, Jr.** **March 16, 2018**
**United States District Judge**

## I. INTRODUCTION

Petitioner Christopher Rudolph filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Bucks County Court of Common Pleas of Attempted Rape, Attempted Involuntary Deviate Sexual Intercourse ("IDSI"), and Burglary. Magistrate Judge Richard A. Lloret issued a Report and Recommendation ("R&R") recommending that the habeas corpus claims be denied. Petitioner has filed objections to the R&R. After de novo review, this Court adopts the R&R in part and denies habeas relief.

## II. STANDARDS OF REVIEW

### A. R&R with objections

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate

findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

**B. Habeas corpus petitions under 28 U.S.C. § 2254**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750 (1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him"). The Supreme Court has held that the ineffectiveness of counsel on collateral review may constitute "cause" to excuse a petitioner's default. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 566 U.S. 1 (2012).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *See also* 28 U.S.C. § 2254(d);[1] *Knowles v.*

[1] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that

*Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts." *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**C. Claims of ineffective assistance of counsel**

To establish trial counsel's ineffectiveness,[2] a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Id.* at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight to reconstruct the circumstances of counsel's challenged conduct"). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first element of the *Strickland* test. *See Marshall v. Hendricks*, 307 F.3d 36, 86 (3d Cir. 2002). To establish

---

was contrary to, or involved an unreasonable application of, clearly established Federal law . . .; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

[2] Ineffective assistance of counsel during PCRA proceedings is not a ground for relief in a proceeding arising under § 2254. 28 U.S.C. § 2254(i).

prejudice under the second element, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). The court must consider the totality of the evidence and the burden is on the petitioner to prove ineffectiveness. *Strickland*, 466 U.S. at 687, 695.

## III. ANALYSIS

This Court has conducted de novo review and overrules Rudolph's objections for the reasons discussed herein and for those set forth in R&R. Magistrate Judge Lloret reviewed the claims Rudolph raised in his habeas corpus petition,[3] and determined that except for the challenge to the trial judge's two orders issued in 2012, Rudolph procedurally defaulted his claims. Notwithstanding the procedural bar to review, the Magistrate Judge addressed the merits of Rudolph's claims and concluded that they were meritless. This Court has conducted de novo review of all of Rudolph's claims, but writes separately to address only a few of his objections. *See Hill*, 655 F. App'x. at 147.

### A. Rudolph's constitutional claims regarding the Pennsylvania Burglary statute and Pennsylvania Constitution, as well as his challenges to the Criminal Information, are denied.

Rudolph argues that the Magistrate Judge commingled his claims regarding the unconstitutionality of the burglary statute, which is based on 1 Pa. C.S. § 1961, with his challenges to Pennsylvania's Constitution being rewritten after 1776. While this Court recognizes that Rudolph has asserted two separate claims, neither has merit. Moreover, this Court agrees with the Magistrate Judge's characterization of Rudolph's claims as containing

[3] Rudolph's suggestion in his objections that he was denied due process, which is based on the Magistrate Judge's reference to the importance of narrowing down appellate arguments, is without merit. *See* Objs. 38, ECF No. 21 (discussing R&R at 13).

"sprawling argument" and of his failure "to advance a coherent argument that the burglary statute is unconstitutional." *See* R&R 17-18.

After de novo review, this Court agrees with the Magistrate Judge that these claims are procedurally defaulted and Rudolph has not shown cause to excuse their procedural default.[4] Regardless, these claims have been considered by the Pennsylvania courts before and have been consistently rejected as frivolous. *See, e.g., Commonwealth v. Mobley*, No. 642 EDA 2011, 2017 Pa. Super. Unpub. LEXIS 2101, at *3-4 (May 26, 2017) (rejecting the petitioner's challenge to the 1968 revision of the Pennsylvania Constitution based on an alleged provision in the original 1776 constitution prohibiting such revision); *Commonwealth v. Harville*, 144 A.3d 199 (Pa. Super. Ct. 2016) (dismissing the PCRA petitioner's claim that "the trial court lacked jurisdiction over the burglary charge against him because the crime of burglary no longer exists after the 1968 Pennsylvania Constitution"); *Commonwealth v. Stultz*, 114 A.3d 865, 875 (Pa. Super. 2015) (finding frivolous the petitioner's contention that because the Pennsylvania Constitution does not explicitly provide legislative authority to adopt criminal statutes that the entire Crimes Code is unconstitutional).

Because the claims themselves lack merit, this Court will not address each argument Rudolph asserted in support of these claims. But the Court will comment on the deficiencies in a few of his allegations. First, Rudolph's reliance on the Pennsylvania Commonwealth Court's opinion in *Tenet*, to suggest that the trial court did not have jurisdiction and the Criminal

---

[4] Rudolph asserts that because a jurisdictional challenge can be raised at any time, these claims cannot be procedurally defaulted. He is incorrect. *See Chinea v. Piazza*, No. 2:07-cv-1518, 2007 U.S. Dist. LEXIS 101730, at *10 (concluding that the petitioner's habeas claim that the state court "lacked subject matter jurisdiction due to the lack of valid laws on the complaint and the lack of a valid complaint, suffers from procedural default as it was not properly exhausted"), *adopted by* 2007 U.S. Dist. LEXIS 101736, at *1 (E.D. Pa. Sep. 13, 2007). Further, because Rudolph's jurisdictional claims do not have merit, the denial of such claims based on procedural default does not result in a fundamental miscarriage of justice.

Information was insufficient, is unavailing because the court in *Tenet* addressed a tax assessment appeal, which has no bearing on the required contents of a criminal information. *See, e.g.*, Traverse ¶ 16 (citing *In re Tenet HealthSystems Bucks Cnty., LLC*, 880 A.2d 721, 722 (Pa. Commw. Ct. 2005)). Second, de novo review of the Criminal Information confirms the sufficiency of the charging document. *See Commonwealth v. Ohle*, 470 A.2d 61, 73 (1983) ("The purpose of the indictment is to provide the accused with sufficient notice to prepare a defense, and to insure that he will not be tried twice for the same act." (internal quotations omitted)). Specifically, the Information filed against Rudolph includes the name and statutory citation of each alleged crime, specifies the offense date for each count, and describes the location and/or victim of each count. Third, to the extent that Rudolph suggests he was threatened by trial counsel to plead guilty, this claim was rejected on its merits by the PCRA court. Applying deferential review, this Court finds that the PCRA court's conclusion that the plea was voluntary was neither contrary to, or involved an unreasonable application of, clearly established Federal law, nor was the decision based on an unreasonable determination of the facts. For these reasons and those stated in the R&R, Rudolph's habeas claims challenging the constitutionality of the burglary statute, Pennsylvania's Constitution, and the trial court's jurisdiction are denied.

**B. Rudolph's discovery-related claims are denied.**

Rudolph objects to the Magistrate Judge's resolution of his discovery-related claims. But after de novo review, this Court finds Rudolph's habeas claims in this regard to be meritless.

Liberally construing Rudolph's habeas filings and objections, this Court determines that Rudolph raised four discovery-related claims: (1) trial counsel was ineffective for failing to provide Rudolph with complete discovery; (2) PCRA counsel was ineffective for refusing to

copy discovery for Rudolph; (3) PCRA counsel's refusal to provide Rudolph with discovery was because of his poverty and therefore amounted to discrimination; and (4) the PCRA court erred in not addressing PCRA counsel's alleged discriminatory behavior.[5]

As to Rudolph's claim that trial counsel was ineffective for failing to provide him discovery, this claim is denied on its merits. Trial counsel testified at the PCRA hearing that he "was provided extensive discovery" and "reviewed the discovery with the defendant." PCRA Hearing Transcript, July 3, 2012, at 72:5-17. Trial counsel further testified that he provided a copy of the discovery to Rudolph, except possibly for "the prior bad acts material because he knew about that."[6] *Id.* at 72:17-22, 73:3-4. After the hearing, the PCRA court found that trial counsel "was credible and the Defendant was not." PCRA Opinion dated December 19, 2013, at 7. This finding is entitled to a presumption of correctness, which Rudolph has failed to rebut. Accordingly, Rudolph's claim that trial counsel was ineffective for failing to provide him with discovery is without merit and is denied.

Next, Rudolph's claims that PCRA counsel was ineffective for failing to provide discovery are denied because such claims are not cognizable in federal habeas. *See Jordan v. Superintendent Somerset Sci*, No. 16-4091, 2017 U.S. App. LEXIS 27045, at *1 (3d Cir. 2017) (holding that "claims alleging ineffective assistance of PCRA counsel are non-cognizable in federal habeas, 28 U.S.C. § 2254(i)"). Further, after de novo review, Rudolph's objections to the Magistrate Judge's discussion of these issues are overruled.[7]

---

5 The R&R only addresses Rudolph's argument that he was not provided with discovery during the PCRA proceedings and that PCRA counsel was ineffective in this regard.

6 In his habeas petition, Rudolph's discovery-related claims focus on fact discovery and DNA evidence. He does not allege that counsel's possible failure to provide prior bad acts material was prejudicial.

7 Among his objections, Rudolph asserts that the R&R incorrectly cites to "Hab. Mem. at 15" in discussing the conflict of interest of PCRA counsel, but that page fifteen of the habeas

Finally, Rudolph's allegation that the PCRA court failed to address PCRA counsel's refusal to provide copies of discovery is contradicted by the state court record. At the beginning of the PCRA hearing, PCRA counsel advised the court that he did not make it a routine practice to photocopy an entire file for a client, but that because Rudolph had requested the entire file counsel had made arrangements for Rudolph's mother to pay for the photocopying. The Court responded: "Well, he's indigent. If you can find the time to photocopy it and there's an expense, you can submit that to the Court and we'll approve that as a reasonable expense if you need to." *See* PCRA Transcript 7:1-19. PCRA counsel explained that he does not always get that response from every judge and because it can cost "between $200 and $400" he generally does not copy the entire file. *Id.* at 7:20-8:2. The PCRA court responded: "I want to make sure he [Rudolph] has the file and the documents he requires to enable him to assist you in representing him. . . . If that's what it costs, that's what it costs." *Id.* at 8:6-13. PCRA counsel stated that he would "take care of doing that then" and "get the file to him within two or three weeks." *Id.* at 8:14-18. Based on this discussion, Rudolph's claim that the PCRA court failed to address the issue is without merit and is denied.

**C. Rudolph's claim that the Commonwealth breached the plea agreement is denied.**

Liberally construing the exhibits attached to Rudolph's objections to the R&R, this Court concludes that Rudolph asserts a new habeas claim: breach of his plea agreement. *See also* Supp. Objs., ECF No. 23. This claim was not raised in the habeas corpus petition or in either of

---

memorandum does not address conflict of interest. *See* Objs.1 (citing R&R 14). This objection is overruled because the Magistrate Judge correctly cited page 15 of the electronically assigned page numbers, which includes section E of Rudolph's memorandum regarding PCRA counsel's conflict of interest. Although Rudolph's Table of Contents for his memorandum states that Section E begins on page 8, he did not number each page. But when the habeas memorandum was filed on the Electronic Filing System, it was assigned electronic page numbers, to which the Magistrate Judge correctly referred.

Rudolph's briefs in support thereof. While the Order dated May 12, 2015, advised Rudolph that "as per Local Civil Rule 72.1.IV(c), all issues and evidence shall be presented to the United States Magistrate Judge, and that new issues and evidence shall not be raised after the filing of the Report and Recommendation if they could have been presented to the United States Magistrate Judge," ECF No. 3, the Local Rule allows an exception when "the interest of justice requires it," E.D. Pa. Local Rule 72.1(IV)(c). This Court finds that the interests of justice so require and therefore considers the claim.

Initially, this Court finds that the claim was not raised in the state courts and is therefore procedurally defaulted. *See Barner v. Delbaso*, No. 16-2823, 2016 U.S. Dist. LEXIS 151984, at *8 (E.D. Pa. Oct. 31, 2016) (finding that the petitioner's claim that the Commonwealth breached the plea agreement was not raised in the state court and was therefore procedurally defaulted). Further, because there was no breach of the plea agreement, as will be discussed below, PCRA counsel cannot be deemed ineffective for failing to raise this issue so as to excuse the procedural default. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (holding that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective"); *Crawford v. Bickell*, No. 11-5773, 2012 U.S. Dist. LEXIS 185429, at *17 n.14 (finding that the petitioner did not show prejudice to excuse his procedural default because his ineffectiveness "claims lacked merit and he would not have prevailed even if the failure to have properly presented his claims to the state court could be attributed to counsel"), *adopted by* 2013 U.S. Dist. LEXIS 12288, at *1 (E.D. Pa. Jan. 30, 2013). Nevertheless, this Court will address the merits of the claim.

Among the exhibits attached to Rudolph's objections to the R&R are an affidavit from Dr. Thomas Brennan, which alleges that the sentencing judge breached the plea agreement, and a page from the PCRA court's opinion dated December 19, 2013, that describes the negotiated guilty plea and sentence. *See* Objs. 3-5. The PCRA court's opinion, which was authored by the judge who presided at both sentencing and the PCRA proceedings, stated that pursuant to a negotiated plea, the Commonwealth recommended a sentence of eight to sixteen years on Count 1 (Attempted Rape), a *concurrent* ten years of probation on Count 2 (Attempted IDSI), and a *consecutive* ten years of probation on Count 3 (Burglary). *Id.* at 5 (emphasis added). The opinion explained that the court "accepted the Commonwealth's recommendation" and therefore sentenced Rudolph to eight to sixteen years on Count 1, a *consecutive* ten years of probation on Count 2, and a second *consecutive* ten years of probation on Count 3. *Id.* (emphasis added). Dr. Brennan asserts that the sentencing judge breached the terms of the plea agreement by adding the second term of ten consecutive years of probation to Rudolph's sentence.

After de novo review, it is clear from the state court record that Rudolph was sentenced to eight to sixteen years imprisonment, followed by two consecutive terms of ten years of probation.[8] What the sentencing transcript also reveals is that the plea agreement was in fact for Rudolph to receive two consecutive ten-year terms of probation. At the beginning of the sentencing hearing, the Commonwealth's attorney advised the court as follows: "This was a negotiated guilty plea, your Honor, where the Commonwealth was recommending a sentence of eight to 16 years on count 1 of the criminal information 4783 of 2009, a consecutive 10 years probation on count 2, and another consecutive 10 years probation on count 3." *See* Sentencing

---

[8] The Factual and Procedural History section of the R&R incorrectly states that Rudolph was sentenced to only one consecutive ten-year term of probation. This portion of the R&R is therefore not adopted.

Transcript, March 12, 2010, at 2:19-25. Before imposing sentence, the court explained to Rudolph that because he was being sentenced pursuant to a negotiated plea if he somehow successfully challenged the plea and had to return for resentencing, the court could impose a greater sentence. *Id.* at 30:5-24. When the court asked Rudolph if he understood, he responded "Yes." *Id.* at 29:24-31:1. Ultimately, the Court found "the sentence of eight to sixteen years plus 20 years of probation to be appropriate" and accepted the recommended sentence. *Id.* at 35:6-9. Rudolph was then sentenced on Count 1 to imprisonment "for a period of not less than eight nor more than 16 years," on Count 2 the Defendant "was placed on probation for a period of ten years . . . to be consecutive to and not concurrent with the sentence imposed on count 1," and on Count 3, Rudolph was "placed on probation for a period of 10 years . . . to be consecutive to the sentence imposed on count 2 and not concurrent." *Id.* at 35:22-36:15. This sentence was consistent with the plea agreement as described to the sentencing court; therefore, there was no breach. This habeas claim is denied.

**D. Rudolph's remaining objections are overruled and his requests for an evidentiary hearing, for counsel, and for a stay and abey are denied.**

As mentioned above, this Court has conducted de novo review of all of Rudolph's claims even though they are not all specifically mentioned herein. *See Hill*, 655 F. App'x. at 147 (holding that the district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)"). Unless otherwise stated, the factual findings and conclusions of law in the R&R are adopted. All Rudolph's objections to the R&R are overruled.

This Court also agrees with the Magistrate Judge's conclusion that an evidentiary hearing is not required, *see Brown v. Wenerowicz*, 663 F.3d 619, 629 (3d Cir. 2011) (holding that the district court erred in conducting an evidentiary hearing on the habeas petitioner's claims that

were decided on their merits in the state court); *Morris v. Beard*, 633 F.3d 185, 196 (3d Cir. 2011) (holding that no evidentiary hearing is required where the record refutes the petitioner's factual allegations or otherwise precludes relief), and with the Magistrate Judge's conclusion that the appointment of counsel is not warranted, *see Reese v. Fulcomer*, 946 F.2d 247, 263-64 (3d Cir. 1991) (explaining that before appointing counsel to a § 2254 petitioner, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court"); *Brown v. Zimmerman*, No. 88-6660, 1989 U.S. Dist. LEXIS 621, at *9 (E.D. Pa. Jan. 24, 1989) (refusing to appoint counsel to a habeas petitioner because the habeas claims did not have merit).

Finally, Rudolph's request for a stay and abey is denied because none of his habeas claims are dismissed as simply unexhausted; rather, they are dismissed as procedurally defaulted, which means that there are no longer any avenues in the state courts for Rudolph to exhaust and a stay and abey would be fruitless. Further, to the extent that he seeks a stay and abey regarding claims that were not raised in the habeas petition,[9] the request for a stay and abey is denied because such claims are not before the Court. *See Denofa v. D'Ilio*, No. 13-7830, 2015 U.S. Dist. LEXIS 170492, at *9 (D.N.J. Dec. 21, 2015) (denying the petitioner's request for a stay and abey to exhaust claims that were not raised in the initial habeas petition).

**E. There is no basis for the issuance of a certificate of appealability.**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a

[9] Rudolph has filed a second PCRA petition challenging the imposition of Megan's Law's registration requirements and/or the application of the Sexual Offender Registration and Notification Act, 42 Pa. C.S. §§ 9799.10 - 9799.41 ("SORNA"), but these claims were not raised in the instant habeas petition. If Rudolph does not obtain the relief he seeks in state court on his second PCRA petition, he may seek permission from the Third Circuit Court of Appeals for leave to file a successive § 2254 petition.

substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth herein and in the R&R, Rudolph has not made a substantial showing of the denial of a constitutional right, nor would would jurists of reason find the Court's assessment debatable or wrong.

## IV. CONCLUSION

After de novo review of the habeas corpus petition and supporting briefs, the complete federal and state court records, the R&R, and Rudolph's objections to the R&R, and for the reasons set forth herein, the R&R is adopted in part. Rudolph's request for a stay and abey to exhaust claims that were not raised in the habeas petition is denied. There is no need for an evidentiary hearing, nor is the appointment of counsel warranted, and Rudolph's requests in this regard are denied. Rudolph's objections to the R&R are overruled and his habeas claims are denied. A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*____________
JOSEPH F. LEESON, JR.
United States District Judge